THE NASSAU ELECTRIC RAILROAD COMPANY, Plaintiff, *v.* EDWARD H. RIEGELMANN, Individually and as President of the Borough of Brooklyn, JOSEPH A. GUIDER, Individually and as Acting Borough President of the Borough of Brooklyn, and THE CITY OF NEW YORK, Defendants.

Supreme Court, Kings Special Term, April 7, 1924.

Injunction — action to restrain city of New York from laying pavement on bridge built by plaintiff over navigable stream — answer does not allege that defendant has permission from federal authorities under section 9439 of Barnes' Federal Code — plaintiff is entitled to award for easement sought to be taken — injunction granted.

In an action to restrain the city of New York from entering upon a bridge constructed by the plaintiff across a navigable stream and from laying a pavement on the bridge or making any alterations thereon an injunction will be granted where the answer of the defendant does not allege and the conceded facts do not show that the changes proposed by the defendant have been approved by the chief of engineers and by the secretary of war, as provided for by section 9439 of Barnes' Federal Code.

Since the plaintiff acquired from the owners of the land prior to condemnation proceedings grants of rights to construct, maintain and operate the railroad and bridge, it is entitled to an award for the easement which it thus acquired and the nominal award made could not, therefore, include plaintiff's easement or right to maintain the road.

ACTION for injunction.

*George D. Yeomans* (*Harold L. Warner*, of counsel), for the plaintiff.

*George P. Nicholson*, corporation counsel (*Charles J. Druhan* and *William R. Wilson*, of counsel), for the defendants.

LEWIS, J. This is an action for an injunction enjoining the defendants, their agents and servants, from entering upon a bridge constructed by the plaintiff across Coney Island creek within the lines of Stillwell avenue and from laying a pavement upon such bridge or making any alterations thereon.

The case is presented upon an agreed statement of facts.

It is conceded that the bridge was constructed pursuant to permission and authority from the war department of the government of the United States, and that it was built across Coney Island creek, which is a navigable stream.

Neither counsel has called the court's attention to the federal statutes which seem decisive of the proposition.

Section 9437 (Barnes' Fed. Code) provides: " It shall not be lawful to construct or commence the construction of any bridge, * * * over or in. any * * * navigable river * * * until the consent of Congress to the building of such structures shall have been obtained and until the plans for the same shall have been submitted to and approved by the Chief of Engineers and by the Secretary of War."

The answer of the defendants does not allege, nor do the conceded facts show, that the proposed changes have been approved by the chief of engineers and by the secretary of war as provided for by section 9439 of Barnes' Federal Code. Deviation from such plans after completion of the structure is a violation of the federal act. § 9443. The demand of the defendants and the proposed change is in violation of the statute and is illegal.

It has also been stipulated that prior to the condemnation proceedings mentioned in the complaint, the plaintiff acquired from the then owners of the land upon and over which the railroad and bridge abutments were built, grants of rights to construct, maintain and operate said railroad and bridge. Such grants constitute an easement in the land, included in which are the lands upon which the bridge abutments are placed. " Lands already taken by condemnation or acquired by purchase for public use should not be

taken for another public use unless the reasons therefor are special, unusual and peculiar." *N. Y. C. & H. R. R. R. Co.* v. *City of Buffalo*, 200 N. Y. 113, 117. The nominal award, therefore, could not include plaintiff's easement or right to maintain the road.

Submit findings and judgment in accordance with this opinion.

Judgment accordingly.